## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LEONARD PAUL SERNA,

      Plaintiff,

v.                                     No. CIV 11-0594 MV/KBM

JASON KINGSLEY,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that in 2008 a state court sentenced Plaintiff to a term of probation. Later, at a hearing on his probation revocation, Plaintiff informed the court and his probation officer of his mandatory release date.  Plaintiff alleges that his parole officer, Defendant Kingsley, disregarded Plaintiff's claim and failed to initiate his release, causing him to remain incarcerated beyond the term of imprisonment imposed by the court.  Both Plaintiff and his lawyer communicated with the probation office about the matter, to no avail.  Plaintiff contends that Defendant violated his own official duties and a number of Plaintiff's constitutional rights.  The complaint seeks damages against Defendant Kingsley.

Plaintiff's claims for damages appear to call into question the legality of the incarceration imposed when his probation was revoked.  This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.  "[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).

In order to prosecute his § 1983 claims, Plaintiff must show "termination of the prior criminal proceeding in [his] favor." *Heck*, 512 U.S. at 484; *and see Crow*, 102 F.3d at 1087 (affirming dismissal of § 1983 claims challenging parole revocation that had not been invalidated); *and see Kay v. Bemis*, 500 F.3d 1214, 1221 (10th Cir. 2007) (same).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not*

2

been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (footnote omitted).  The complaint contains no allegation that Plaintiff's probation revocation has been reversed or otherwise set aside,[1] *see id.*, and thus his allegations of excessive incarceration beyond the imposed term of imprisonment fail to state claims that are cognizable under § 1983.  *See Webber v. Weaver*, 6 F. App'x 706, 708  (10th Cir. 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).  Plaintiff's complaint will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's apparent release from custody (Doc. 16), does not revive his claims.  *See Wingo v. Mullins*, 400 F. App'x 344, 347 n.3 (10th Cir. 2010) ("But Wingo was in custody at the time he filed his complaint in this matter. *See Sevier v. Turner*, 742 F.2d 262, 268 (6th Cir. 1984) (holding that "in custody" status for habeas purposes is determined at the time the complaint is filed).").